ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| IDA SERVICE STATION, CLR<br><br>Apelante<br><br>V.<br><br>OMAR SERVICE STATION, CORP., FIRAS ADNAN HAMAD, SUCESION TORRES MALDONADO, REPRESENTADA POR ANA I. TORRES Y RUTH TORRES Y OTROS<br><br>Apelados | KLAN202400331 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: LJ2023CV00021<br><br>Sobre: Injunction (entredicho provisional, injunction preliminar y permanente) |

Panel integrado por su presidente, el juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 26 de abril de 2024.

Comparece Ida Service Station, CLR, en adelante Ida o la apelante, quien nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez, en adelante TPI. Mediante la misma, el TPI desestimó la *Demanda* sin perjuicio por el incumplimiento con la Regla 4.3 (c) de las de Procedimiento Civil.[1]

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción, por prematuro.

-I-

En el contexto de un pleito sobre interdicto estatutario al amparo de la Ley Núm. 161-2009 y la Ley

---

[1] 32 LPRA Ap. V, R. 4.3(c).

Núm. 355-1999, **el 5 de febrero de 2024**, el TPI dictó una *Sentencia*.[2]

Insatisfecha, **el 20 de febrero de 2024**, Ida presentó una *Solicitud de Reconsideración y de Inhibición*.[3]

Así las cosas, el TPI determinó que no procedía su inhibición, por lo cual refirió el asunto a la Jueza Administradora.[4]

Esta última declaró sin lugar la solicitud de inhibición, por no cumplir con las formalidades establecidas en la Regla 63 de Procedimiento Civil.[5] Respecto al segundo pedimento de la apelante, la Jueza Administradora determinó que **"[e]l asunto sobre reconsideración debe tramitarse de manera separada y para que pueda ser atendido por el Tribunal".[6]**

Por su parte, el 2 de abril de 2024, Ida presentó una *Solicitud de Reconsideración*.

Posteriormente, la apelante presentó una solicitud de desglose de dicha moción de reconsideración, petición que acogió el foro sentenciador.

Inconforme, el 5 de abril de 2024, Ida presentó el recurso de *Apelación* ante nos.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente

---

[2] Apéndice de la apelante, págs. 29-33.
[3] *Id.*, págs. 6-28.
[4] *Id.*, págs. 4-5.
[5] 32 LPRA Ap. V., R. 63.
[6] Apéndice de la apelante, págs. 1-3. (Énfasis suplido)

despacho…".[7] En consideración a lo anterior, eximimos a la parte apelada de presentar su alegato en oposición.

Luego de revisar el escrito de la apelante y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

En lo aquí pertinente, la Regla 52.2 (a) de Procedimiento Civil dispone:

> Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán ser presentados **dentro del término jurisdiccional de treinta (30) días** contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.[8]

**B.**

Ahora bien, La Regla 47 de Procedimiento Civil regula la figura procesal de la reconsideración tanto para las sentencias como para los dictámenes interlocutorios emitidos por el tribunal de instancia. Al respecto, dispone:

> […]
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se

---

[7] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).

[8] Regla 52.2 (a) de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 52.2 (a). (Énfasis suplido).

> entenderá que no ha interrumpido el término para recurrir.
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.[9]

Según surge de la Regla 47, *supra*, para ejercitar el derecho a reconsiderar el promovente tiene que cumplir con los siguientes requisitos, a saber: presentar la moción dentro del término de 15 días desde la fecha de la sentencia; exponer con suficiente particularidad y especificidad los hechos y el derecho que se deben reconsiderar; y notificar simultáneamente la moción a las demás partes dentro del término establecido para presentarla.

## C.

Reiteradamente el Tribunal Supremo de Puerto Rico ha declarado que un recurso prematuro al igual que uno tardío, "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[10] De modo, que "su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial o administrativa para acogerlo […]".[11]

Conviene añadir que, en materia de jurisdicción, es norma jurisprudencial firmemente establecida que no

---

[9] 32 LPRA Ap. V, R. 47.
[10] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[11] *Juliá v. Epifanio Vidal, S.E.*, 153 DPR 357, 367 (2001); *Rodríguez Díaz v. Segarra*, 150 DPR 649, 654 (2000).

tenemos discreción para asumir jurisdicción donde no la hay.[12] La falta de jurisdicción no puede ser subsanada, ni el tribunal puede abrogarse la jurisdicción que no tiene.[13] Aun cuando las partes no lo planteen, un tribunal viene obligado a velar su jurisdicción.[14] Así, el tribunal que carece de autoridad para atender un recurso, sólo tiene facultad para así declararlo y, en consecuencia, desestimarlo.[15]

## -III-

Surge de los documentos que obran en autos, que oportunamente, es decir, **el 20 de febrero de 2024**, la apelante presentó una *Solicitud de Reconsideración y de Inhibición*. Como el foro recurrido resolvió no inhibirse, refirió el asunto a la Jueza Administradora. Esta determinó, que como las solicitudes de inhibición y de reconsideración no eran consolidables, procedía declarar no ha lugar la petición de inhibición por incumplir la Regla 63 de Procedimiento Civil. Sin embargo, la Jueza Administradora no adjudicó la procedencia de la reconsideración. Al contrario, consideró que este asunto procesal debía tramitarse separadamente de la petición de inhibición y que dicha tarea recaía en el TPI.

No obstante lo anterior, al momento de emitir la presente sentencia, **la reconsideración de 20 de**

---

[12] *Ponce Fed. Bank v. Chubb Life Ins. Co.,* 155 DPR 309, 331 (2001); *Gobernador de PR v. Alcalde de Juncos*, 121 DPR 522, 530 (1988).
[13] *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980).
[14] *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, S.E., supra*, pág. 362.
[15] *Lozada Sánchez v. JCA*, 184 DPR 898, 909 (2012); *Caratini v. Collazo*, 158 DPR 345, 355 (2003); *Vega Rodríguez v. Telefónica*, 156 DPR 584, 595 (2002); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).

**febrero de 2024 aún no ha sido resuelta por el foro sentenciador, por lo cual, el recurso de apelación presentado el 5 de abril de 2024 es prematuro y carecemos de jurisdicción para atenderlo.**[16]

**-IV-**

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción, por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] Conviene destacar que la solicitud de reconsideración del 2 de abril de 2024 es inconsecuente para el cálculo de jurisdicción del recurso de epígrafe por dos razones, a saber: (1) que constituía una segunda solicitud de reconsideración cuando nuestro ordenamiento procesal civil solo autoriza la presentación de una moción de reconsideración (Regla 47 de Procedimiento Civil, *supra)*; y (2) fue desglosada a solicitud de la apelante, por lo cual se tiene por no puesta.